### LAFONTAN v. ELTING, Collector.
#### No. 379.

Circuit Court of Appeals, Second Circuit.
May 9, 1932.

William J. McArthur, of New York City, for appellants.

Guerra Everett, of Washington, D. C. (Phillip Burnett Thurston, of New York City, of counsel), for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

If for the purposes of this appeal we should assume that the plaintiff could have sued the defendants who signed the bond directly upon that obligation and that this action may be treated as such a suit under section 193 of the New York Civil Practice Act, the only obligation which could be enforced is that which the obligors assumed. Since the defendant Elting has had judgment that has become final because no appeal was taken, his liability cannot now be relied upon to establish that of the obligors on the bond.

The statute in force provided for the delivery of goods in the custody of the collector of the port without the production of a bill of lading upon the execution and delivery of a bond of the kind therein required. The section of the statute is 19 USCA § 347 (2),

and reads: "The collector is authorized to permit entry and to release merchandise from customs custody without the production of the bill of lading if the person making such entry gives a bond satisfactory to the collector, in a sum equal to not less than one and one-half times the invoice value of the merchandise, to produce such bill of lading, to relieve the collector of all liability, to indemnify the collector against loss, to defend every action brought upon a claim for loss or damage, by reason of such release from customs custody or a failure to produce such bill of lading and to entitle any person injured by reason of such release from customs custody to sue on such bond in his own name, without making the collector a party thereto. Any person so injured by such release may sue on such bond to recover any damages so sustained by him."

The statute required a bond on which the principal and surety would be liable in an action brought directly against them and that liability is not limited to indemnifying the collector since the required bond must be one "to entitle any person injured by reason of such release from customs custody to sue on such bond in his own name, without making the collector a party thereto." And "any person so injured by such release may sue on such bond to recover any damages sustained by him." This bond, however, did not comply with the statute, since it provided only for indemnity to the collector and not for a suit on the bond by anyone else. Its failure to comply with the provisions required by the statute may have made it less than enough to give the collector the protection of the statute as a justification for releasing the skins without the production of the bill of lading. That question is not before us. We are now dealing only with the obligation of these defendants upon this bond. As the collector has had a final judgment in his favor, it follows that the other defendants, who agreed only to indemnify the collector, are entitled to judgment also. The terms of the statute have apparently been confused with those of the bond and the matter treated as though the bond did provide what the statute required in regard to suits on it by persons injured by delivery without the production of the bill of lading. In what has been said we have assumed without deciding that the plaintiff once had a cause of action because of injury by delivery of these skins to the American Import & Export Company, but it should not be amiss to remark that if that question could be considered on the merits the result might be contrary to this assumption. See Derobert v. Stranahan (C. C.) 126 F. 582. However that may be, it must be remembered that the nonliability of the collector to this plaintiff has become res adjudicata.

It has been suggested that we can treat the judgment as defective in form only, amend it by ordering judgment entered against the collector, and then enforce the bond. That course would include a reversal and the entry of an entirely new judgment contrary to that which has become absolute by failure to appeal and goes beyond our power.

Judgment reversed.